# In the United States Court of Federal Claims

No. 13-969 C

Filed: January 26, 2014

```
******************************************
                                          *
                                          *
SRA INTERNATIONAL, INC.,                  *
                                          *
        Plaintiff,                        *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
        Defendant,                        *
                                          *
and                                       *
                                          *
COMPUTER SCIENCES CORPORATION,            *
                                          *
        Defendant-Intervenor.             *
                                          *
                                          *
******************************************
```

**FINAL ORDER**

On January 13, 2014 the court issued an Opinion denying the Government's Motion To Dismiss, concluding that "the [General Services Administration's November 25, 2013 Determination and Findings for Waiver of Organizational Conflict of Interest Rules (hereinafter the "Waiver")] in this case was not made 'in connection with' the issuance of the Task Order, but was an independent discretionary agency action and therefore, 41 U.S.C. § 4106(f)(1) does not bar the court from adjudicating whether the Waiver otherwise violated APA standards." *SRA Int'l, Inc. v. United States*, No.13-969, 2014 WL 171012, *8 (Fed. Cl. Jan. 13, 2014). The court's January 13, 2014 Opinion requested, in light of the exigent circumstances presented by this case, that the United States Government Accountability Office ("GAO") issue an advisory opinion as to whether the Waiver violated Administrative Procedure Act standards and, if so, to adjudicate the merits of the August 26, 2013 protest no later than close of business, January 23, 2014, *i.e.*, as if the Waiver had not issued. *Id.*; *see also* 4 C.F.R. § 21.11 (The "GAO may, at the request of a court, issue an advisory opinion on a bid protest issue that is before the court.").

On January 31, 2014, the GAO responded and determined that the Waiver decision was not arbitrary or capricious. In addition, the GAO advised that, had the Waiver not been issued,

the GAO would have found SRA's unequal access to information allegations to be untimely. The GAO response is attached as Exhibit A.

On February 3, 2014, in a telephone conference with the parties, the Government requested that the court grant a motion to dismiss. In light of the GAO's January 31, 2014 response, the court grants the Government's February 3, 2014 Motion To Dismiss, as SRA's remaining claims are moot.

The Clerk of the Court is ordered to enter judgment in favor of the Government. In addition, the January 26, 2014 Temporary Restraining Order is dissolved.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

# GAO
**U.S. GOVERNMENT ACCOUNTABILITY OFFICE**

441 G St. N.W.
Washington, DC 20548

B-407709.5; B-407709.6

January 31, 2014

The Honorable Susan G. Braden
Judge, U.S. Court of Federal Claims

Subject: SRA International, Inc. v. United States, No. 13-969 C

Dear Judge Braden:

This is in response to your request for an advisory opinion with regard to SRA International, Inc. v. United States, No. 13-969 C, Jan. 13, 2014. Specifically, the Court asked our Office whether the organizational conflict of interest (OCI) waiver issued by the contracting agency associated with the ISC3 task order violated Administrative Procedure Act (APA) standards and, if so, to adjudicate the merits of the August 26, 2013, protest (i.e., as if the waiver had not been issued). As detailed below, we do not find the agency's waiver decision to be arbitrary or capricious. In addition, had a waiver not been issued, we would have found SRA's OCI allegation untimely and not addressed the merits of the OCI allegation.

By way of background, SRA's August 26, 2013, bid protest to our Office alleged, among other things, that Computer Sciences Corporation (CSC) had an OCI that the contracting agency had failed to identify or mitigate due to CSC's proposal of Blue Canopy Group, LLC, as a subcontractor.[1] SRA Int'l, Inc., B-407709.5, B-407709.6, Dec. 3, 2013, 2013 CPD ¶ 281 at 5. On November 25, 2013, prior to our resolution of the protest, the General Services Administration (GSA) advised our Office and the protest parties that the agency had waived any OCIs regarding the task order issued to CSC, and provided our Office a copy of the issued waiver. Id. at 5-6. In light thereof, we found SRA's unequal access to information OCI allegation to be academic and dismissed that aspect of SRA's protest. Id. at 6. SRA did not then file a protest with our Office regarding the agency's decision to waive the OCI, and our decision "reache[d] no

---

[1] According to the protester, Blue Canopy had been performing as the Federal Deposit Insurance Corporation (FDIC) network security services contractor since at least 2009, and in this role monitored and audited network security on the FDIC's network. SRA stated that its performance of the ISC2 task order contract was subject to security monitoring by Blue Canopy, and alleged that this gave CSC unequal access to SRA's information and, consequently, an unfair competitive advantage in developing its proposal.

conclusion on the waiver." Id. Subsequent to the issuance of our decision, SRA filed its current post-award bid protest with the Court on December 9, 2013, challenging GSA's OCI waiver decision.

In response to your question regarding the propriety of the waiver, we note initially that the responsibility for determining whether an OCI exists rests with the procuring agency. Federal Acquisition Regulation (FAR) §§ 9.504, 9.505; CIGNA Gov't Servs., LLC, B-401068.4, B-401068.5, Sept. 9, 2010, 2010 CPD ¶ 230 at 12. In reviewing bid protests that challenge an agency's conflicts determinations, the Court of Appeals for the Federal Circuit has mandated application of the "arbitrary and capricious" standard established pursuant to the APA. See PAI Corp. v. United States, 614 F.3d 1347, 1351-52 (Fed. Cir. 2010). The standard of review employed by this Office in reviewing a contracting officer's OCI determination mirrors the standard required by the Federal Circuit. See, e.g., The Analysis Group, LLC, B-401726.3, Apr. 18, 2011, 2011 CPD ¶ 166 at 4; CIGNA Gov't Servs., LLC, supra.

The FAR also establishes that, as an alternative to avoiding, neutralizing, or mitigating an OCI, an agency head or designee, not below the level of the head of the contracting activity, may execute a waiver. FAR § 9.503. Because the waiver of an OCI is a discretionary agency action, our review is confined to whether the waiver outlined the extent of the conflict, and whether it was executed by a duly-authorized individual. The Analysis Group, LLC, supra, at 7; CIGNA Gov't Servs., LLC, supra, at 14.

Here, the record reflects that the contracting officer prepared and submitted a written waiver request to the appropriate official that outlined all of the facts and circumstances that the protester believed indicated the existence of an OCI and the extent of the conflict; provided a detailed discussion of the bases for his conclusion that any possible conflict was exceedingly remote and unsubstantiated; and concluded that, under the totality of the circumstances, a waiver would be in the best interests of the government. The requested waiver was then duly executed by the agency's senior procurement executive, as authorized by FAR § 9.503. Accordingly, we do not find GSA's waiver decision to be arbitrary or capricious. See Turner Constr. Co. v. United States, 94 Fed. Cl. 561, 584-85 (2010), aff'd, 645 F.3d 1377 (Fed. Cir. 2011).

As a final matter, we note that had the agency not executed a waiver of the OCI (and thus we had not dismissed this aspect of SRA's protest as academic), we would have found the issue untimely and not considered the merits of SRA's unequal access to information OCI allegation. The record before our Office showed that SRA was aware of the basis for its unequal access to information OCI allegation regarding Blue Canopy by November 1, 2012 (during the course of its earlier protest challenging the task order issued to CSC), approximately 10 months before the argument was first raised in its protest to our Office. Moreover, the type of OCI being alleged here continued to exist notwithstanding the agency's intervening decision to take corrective action (SRA knew that CSC was still eligible to compete and would likely do so as the original awardee). Since our Bid Protest Regulations require that a protester raise an allegation within 10 days of when the protester knew or should have known of its protest basis, we would

B-407709.5, B-407709.6

have dismissed SRA's OCI allegation as untimely.  4 C.F.R. § 21.2(a)(2) (2013); see also Honeywell Tech. Solutions, Inc., B-400771, B-400771.2, Jan. 27, 2009, 2009 CPD ¶ 49 at 6-7 (finding protest to be untimely where contractor knew about the alleged OCI prior to the solicitation's closing, but did not raise the issue before the closing date); CRAssociates, Inc. v. United States, 102 Fed. Cl. 698, 711-12 (2011) (Court of Federal Claims finds OCI allegation untimely in circumstances similar to those here, citing Blue and Gold Fleet, L.P. v. United States, 492 F.2d 1308, 1313 (Fed. Cir. 2007)).

I hope you find this response on the OCI waiver helpful.

Sincerely yours,

*Susan A. Poling*
Susan A. Poling
General Counsel